Leonard J. Dix Rooks County Attorney Courthouse, 3rd Floor Stockton, Kansas 67669-0545
Dear Mr. Dix:
As Rooks county attorney, you request our legal opinion concerning the personnel policies of county employees in the offices of clerk, treasurer, sheriff, and register of deeds. K.S.A. 19-302(a) in part states:
 "The county clerk shall appoint a deputy county clerk and file a written statement of the appointment in the clerk's office. In the absence or disability of the county clerk or if a vacancy in the office occurs, the deputy county clerk shall perform all the duties of the county clerk during the clerk's absence or until the vacancy is filled. In addition to the deputy, the county clerk also may appoint, promote, demote and dismiss additional deputies and any assistants necessary to carry out the duties of the office."
K.S.A. 19-503(a) in part states:
 "The county treasurer may appoint a deputy, who, in the absence of the treasurer or in case of a vacancy in the office, due to any disability of the treasurer to perform the duties of the office, may perform all the duties of the office of treasurer until the vacancy is filled or the disability removed. In addition to the deputy, the county treasurer also may appoint, promote, demote and dismiss additional deputies and any assistants necessary to carry out the duties of the office."
K.S.A. 19-805(a) in part states:
 "In addition to the undersheriff, the sheriff may appoint, promote, demote and dismiss additional deputies and assistants necessary to carry out the duties of the office, for whose official acts the sheriff is responsible."
K.S.A. 19-1202(a) in part states:
 "The register of deeds may appoint a deputy register of deeds. The appointment shall be in writing, filed and recorded in the office of the register of deeds. In addition to the deputy, the register also may appoint, promote, demote and dismiss any assistants necessary to carry out the duties of the office."
The above statutes grant each respective elected official discretion and authority over personnel matters of his or her employees. The issue presented here is how the above statutory provisions can be reconciled with the following subsections. K.S.A. 19-302(c), 19-503(c), 19-805(d) and 19-1202(c) have the same language:
 "Any personnel action taken by the county (clerk, treasurer, sheriff, register of deeds) under this section shall be subject to the following: (1) Personnel policies and procedures established by the board of county commissioners for all county employees other than elected officials; (2) any pay plan established by the board of county commissioners for all county employees other than elected officials; (3) any applicable collective bargaining agreements or civil service system; and (4) the budget for the financing of the operation of the (clerk's, treasurer's, sheriff's, register's) office as approved by the board of county commissioners."
During the 1983 legislative session, Senate Bill No. 46 containing the above new provision was introduced. "This bill was meant to clarify the powers of various elected county officials and to promote more harmony in the courthouse." Minutes, Senate Committee on Governmental Organization, February 10, 1983.
According to your letter of inquiry, the Rooks county board of commissioners has "adopted a policy whereby county employees are authorized to appeal such employee's termination and may be reinstated by said board over the protestations of any said elected official responsible to carry out the duties of the above offices." Specifically you inquire whether this subsection gives the board the power to determine who will work under the various above identified elected officers. You further ask whether the board of county commissioners may adopt hiring policies, promoting and demoting policies for the employees in those offices. Finally, you ask whether the board of county commissioners may prevent these elected officers from dismissing their employees.
Regarding the county clerk's power in personnel matters, we stated in Attorney General Opinion No. 81-287:
 "The appointment power regarding deputy county clerks is vested solely in the county clerk, and therefore, consent or approval of the board of county commissioners is not required. Simply stated, the board of county commissioners is without authority to hire or fire deputy county clerks. With regard to other office personnel in the county clerk's office, we find no statute which specifically grants authority to either the county clerk or the board of county commissioners to hire such personnel."
We note that the language in K.S.A. 19-302(a) in describing the appointment of deputies has not changed; however, the new subsection (c) clearly allows the board of county commissioners to establish policies and procedures in dealing with personnel matters of the employees of county clerk's office. Policies and procedure may require consent or approval of the board of county commissioners in personnel decisions by the county clerk. Thus, we believe the above-quoted conclusions of Attorney General Opinion No. 81-287 have been modified by statutory amendment and are therefore hereby withdrawn.
Regarding the county treasurer, we stated in Attorney General Opinion No. 89-131:
 "K.S.A. 19-503 authorizes the county treasurer to employ deputies and assistants but such action is subject to budgetary restrictions and any existing county employee policies that are applicable to all county employees."
We have issued several opinions in reconciling the competing interests of the sheriff and the county commissioners in regard to funds expended in the sheriff's budget and personnel decisions. Attorney General Opinion No. 84-30 stated:
 "Any personnel decision a sheriff may make with regard to deputies and assistants, is subject to the limitations stated in the statute and, in particular, to personnel and pay policies applicable to all county employees."
However, the appointment of an undersheriff and the sheriff's authority over an undersheriff's continued employment in that capacity do not seem to be controlled by the provisions of K.S.A. 19-805. K.S.A. 19-803
states:
 "The sheriff of each county shall, as soon as may be after entering upon the duties of his office, appoint some proper person as undersheriff of said county, who shall also be a general deputy, to hold during the pleasure of the sheriff; and as often as a vacancy shall occur in the office of such undersheriff, or he become incapable of executing the same, another shall, in like manner, be appointed in his place."
Attorney General Opinion No. 87-37 stated that the adoption of county personnel policies and pay plans is clearly a matter of county business, and the board of county commissioners is authorized to enact legislative and administrative standards and directives governing the personnel policies of the county. Attorney General Opinion No. 84-30 stated that the board of county commissioners may not control or affect the appointment of an undersheriff. However, as the undersheriff is also a general deputy, all other personnel decisions including salary matters, may be subject to the county personnel policies and plans promulgated under K.S.A. 19-805, if such policies exist. Attorney General Opinion No. 84-30.
Attorney General Opinion No. 92-160 again dealt with the issue of the newly elected sheriff's power to fire the current undersheriff and deputies. We confirmed the conclusions reached in opinion no. 84-30, and stated that the sheriff may fire the current undersheriff without following the county's existing personnel policies and procedures, but any termination of a deputy must be in compliance with whatever policies and procedures the county has established pursuant to K.S.A. 19-805.
Our opinions are in accord with the holdings in Owens v. Rush,654 F.2d 1370 (1981). In Owens, the tenth circuit court of appeals examined the position of undersheriff in the application of the personal staff exception to Title VII retaliatory discharge provisions. TheOwens court stated that the undersheriff in a county sheriff's department is "personal staff", not an "employee" within meaning of Title VII retaliatory discharge provisions, where the undersheriff served at the pleasure of his superior, who had plenary powers of appointment and removal, state law intended the undersheriff to be personally accountable to only one public official and that a high level of personal accountability was reasonable since the sheriff was both politically and civilly liable for any default or misconduct by the undersheriff in the performance of his official duties. 645 F.2d at 1375-76.
This office has not examined the issue regarding the office of the register of deeds. However, the language in K.S.A. 19-1202(c) is identical to those in other counterpart statutes. The language of the statute clearly states that any personnel action taken by the register of deeds under this section shall be subject to county personnel policies and procedures, pay plan, and any applicable collective bargaining agreement or civil service system.
Based on the opinions we have issued on the subject of personnel action by the elected county officials, we conclude that a county employee may be permitted to appeal his or her termination by the specified elected officials and may be reinstated by the board of county commissioners if such county policies and procedures exist. Further, although the statutes do not give the board power to hire or dismiss county employees in elected offices, elected county officials must follow the procedure established by the board of county commissioners in hiring and dismissing the employees. The board of county commissioners may, in fact, adopt hiring policies, promoting and demoting policies for those offices. Finally, the board may, in the end, prevent the elected officials from dismissing an employee if such policies and procedures exist.
However, if funds are available in the budget for the purpose of hiring employees and if county employee policies do not apply or exist, the board of county commissioners cannot interfere with decisions properly made by another elected official. Moreover, the undersheriff is not a "county employee" under these statutes, therefore, he may serve at the pleasure of the sheriff.
In conclusion, county clerks, treasurers, sheriffs and registers of deeds have power and authority in personnel decisions over their employees. However, their actions shall be subject to the personnel policies and procedures and pay plans established by the board of county commissioners and any applicable collective bargaining agreements or civil service system and the budget. If personnel policies and procedures provide a mechanism for an employee to appeal such termination, as in the case of Rooks county, then the policy must be followed. However, appointment of the undersheriff is exclusively vested in the sheriff.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas